OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bryan Bell, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Mr. Bell:

Opinion No. O-6770

Re: Under Senate Bill No. 133,
49th Legislature, certificates
of insurance by motor carriers
filed with the Railroad Com-
mission in lieu of the original
policies, should comply with de-
mands of the Railroad Commission.

Your letter enclosing blank forms Nos. 102 D, 76 D,
77 C, and 999 received. You ask the following question:

"Will you please advise this Department
whether or not in your opinion these certifi-
cates comply with the requirements of Senate
Bill No. 133, as passed by the Regular Session
of the 49th Legislature, a copy of which is at-
tached for your convenience."

Under said Senate Bill, before any permit or certifi-
cate of public convenience and necessity is issued to any motor
carrier, and before any motor carrier may lawfully operate un-
der such permit or certificate, it is required to file with the
Commission an insurance policy or policies issued by some insur-
ance company, authorized by law to transact business in Texas,
in an amount to be fixed by the Railroad Commission. The last
sentence of Section 1 of said Bill, which relates to the fur-
nishing of said insurance policies, reads as follows:

"* * *. The Commission may accept in lieu
of the filing of the original policies of insur-
ance, a certificate of insurance, in such form
as may be prescribed by the Commission, which
certificate, when filed with the Commission,
will bind the obligor thereunder and satisfy

the requirements of this section as if the
original policies of insurance had been filed."

Under the plain provisions of the above-quoted sec-
tion of said Act, the Railroad Commission is not required to
accept certificates in lieu of the original policy but may do
so. If the Commission accepts a certificate of insurance in
lieu of the original policy, it must be in such form and con-
tain such data as the Commission requires or demands. Of
course, the Commission could not require any unreasonable
condition to be contained in said certificate.

While your letter does not reveal the fact, in the
conference which I had with you and representatives of what
I understood to be some of the insurance companies, you want-
ed to know whether the Railroad Commission could require the
certificate to contain the provision set forth in Form 999,
that the cancellation would not take effect "until thirty
days after receipt of this notice by the Commission", and
whether, if the notice of cancellation contained said clause,
it would necessitate changing the provision in the insurance
policies to the effect that the company could not cancel the
policy without mailing a written notice thereof not less than
thirty days before the cancellation would be effective.

It is our opinion that the Railroad Commission can,
if it desires, require thirty or more days' actual notice
where it has and does accept the certificate in lieu of the
original policy.

It is further our opinion that this would not in any
way affect the original policy of insurance; neither would the
policy of insurance have to contain such a clause.

The provision in the policy, as we understand same,
is that it cannot be cancelled without mailing a notice to the
holder of the policy not less than thirty days before the can-
cellation shall become effective. If the Railroad Commission
has a certificate of insurance rather than the policy, under
the Act in question it can require the company to give the Com-
mission actual notice not less than thirty days prior to the
cancellation. In other words, under the law, the policy must
contain a provision that same cannot be cancelled until the
holder thereof, or the beneficiary named therein, has been
mailed a notice not less than thirty days prior to its cancel-
lation. This policy, however, is not deposited with the Rail-
road Commission; if in lieu thereof it accepts a certificate,
under the provisions of said Act it can require that it have

Honorable Bryan Bell - page 3

more than the thirty days' notice specified in the policy before same could be cancelled, insofar as it affects the Railroad Commission and those for whom it acts.

As we construe the Act, the form or the contents of the original insurance policy does not need to be changed from the regular standard form used, if it is filed with the Railroad Commission. If, however, the original policy is not filed, then the Commission would have the right under the statute to require the insurance company to give the Commission full thirty days' actual notice before the policy could be cancelled.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Geo. Barcus*

Geo. W. Barcus
Assistant

GWB-MR

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN